UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
IINDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH G. QUINTANA, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:14-cv-2045-TWP-DKL |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

Joseph G. Quintana seeks judicial review of the final decision of the Acting Commissioner of Social Security denying his application for a period of disability and disability insurance benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d). The Honorable Tanya Walton Pratt designated the undersigned to issue a report and recommendation on Plaintiff's request for review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. The undersigned recommends that agency's decision be reversed and remanded.

I.   Background

Quintana alleges that he became disabled on September 8, 2008 because of a compound fracture of the left leg, ankle wound, obesity, and glaucoma. Quintana was 60 years old at the time of the alleged onset of disability. He has a high school education

and past work experience as a school bus driver, automobile salesman, and labor relations consultant. He served in the armed forces.

Quintana's claim was denied initially and on reconsideration. He requested a hearing, which was held before Administrative Law Judge Belinda J. Brown in July 3013. Quintana was represented by an attorney at the hearing. A vocational expert ("VE") also testified.

The ALJ determined that Quintana met the insured requirements of the Social Security Act through December 31, 2008 [R. 18]; thus, he had to establish disability on or before that date to be entitled to disability insurance benefits. Using the five-step process for analyzing disability claims, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ found at steps one and two that Quintana had not engaged in substantial gainful activity since the alleged onset date, and that through the date last insured, he suffered from severe impairments of a compound fracture of the left leg, ankle wound, obesity, and glaucoma. [R. 20-21.] After concluding that none of the impairments met or medically equaled a listed impairment, which would be presumptively disabling, the ALJ assessed Quintana's residual functional capacity ("RFC"). [R. 21-22.] She found that Quintana had the RFC:

> to perform medium work as defined in 20 CFR § 404.1567(c) except [he] could lift, carry, push, and pull fifty pounds occasionally and twenty-five pounds frequently. [He] could sit, stand, and walk six hours of an eight-hour workday. The claimant could occasionally use foot controls on the left. He could occasionally balance, crouch, and crawl. The claimant could occasionally climb ramps and stairs but never ladders and scaffolding.

[R.22.] At steps four and five, the ALJ determined that Quintana was able to perform his past relevant work as a school bus driver and labor relations consultant. [R/ 24.]

Therefore, the ALJ concluded that Quintana was not disabled under the Act at any time from the alleged onset date through December 31, 2008, the date last insured. [R. 24-25.] The Appeals Council denied review, making the ALJ's decision final. Quintana filed a Complaint in this Court, seeking judicial review.

## II. Discussion

Title II of the Social Security Act provides for the payment of benefits to persons who have contributed to the program and suffer from a physical or mental disability. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). "Disability" is defined by the Act as the "inability to engage in any substantial gainful activity [because] of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last … not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Judicial review of the ALJ's decision is limited. *See Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015). The decision will be upheld so long as the ALJ applied the correct legal standard and the decision is supported by substantial evidence. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Stepp*, 795 F.3d at 718 (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)). A court may not reweigh the facts or evidence or make its own credibility determinations. *Id.* An ALJ does not have to mention every piece of evidence, but she must build a "logical bridge" from the evidence to her conclusions. *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

Quintana contends that the ALJ erred by ignoring evidence that the Veterans Administration has determined that he has a disability because of hearing loss and tinnitus (ringing or buzzing in the ears). Social Security Ruling 06-03p provides that "evidence of a disability decision by another governmental … agency cannot be ignored and must be considered." S.S.R. 06-03p (citing 20 C.F.R. §§ 404.1512(b)(5), 416.912(b)(5)); *see also Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015) (concluding that the ALJ's failure to "analyze and weigh" the Veteran Administration's disability determination was an "oversight" requiring remand); *Tobey v. Colvin*, No. 1:14-CV-01351-TWP, 2015 WL 5155435, at *5 (S.D. Ind. Sept. 2, 2015) ("S.S.R. 06–03p is unequivocal in its requirement that the ALJ must consider the disability determinations of other government agencies."). This follows from the requirement that the agency "evaluate all the evidence in the case record that may have a bearing on [the] determination or decision of disability, including decisions by other governmental … agencies …." S.S.R. 06-03p. Evidence is defined as "anything that [the claimant] ... submits to [the agency] or that [the agency] obtains that relates to [the claimant's] claim." 20 C.F.R. § 404.1512(b). Therefore, "an ALJ's failure to consider and explain the weight given to evidence of another agency's disability determination justifies remand for further proceedings." *Tobey*, 2015 WL 5155435, at *4.

The record establishes that Quintana suffers from a hearing disorder. His medical records from the VA hospital from January 2001 through December 2008 reference and document hearing loss and tinnitus for which the VA rated him to be under a 30% disability. [*See, e.g.,* R. 290.] Audiological test results indicated bilateral "mild loss through 1000Hz followed by a sloping to severe high frequency sensorineural hearing

4

loss with the left ear being slightly worse than the right from 2000Hz-3000Hz." [R. 1203.] In late 2007 Quintana received a hearing aid. [R. 1199.] He receives service connected VA disability payments for hearing loss and tinnitus. And at the beginning of the hearing before the ALJ, Quintana said that he was having "to strain" to hear the ALJ (who then spoke louder) and that his hearing was being treated at the VA. [R. 32.]

The ALJ's decision fails to even mention the VA's disability determination. Indeed, the decision makes no mention of Quintana's documented hearing loss and tinnitus. Thus, the ALJ failed to account for the hearing loss in making her RFC finding and in posing hypothetical questions to the VE. As a result, the VE's answers upon which the ALJ based her conclusion that Quintana could perform past work did not account for Quintana's hearing loss. The Court acknowledges that Quintana's application for benefits did not mention his hearing loss; nor did his attorney argue that he was entitled to benefits because of his hearing loss. Nonetheless, the ALJ was required to consider any impairment "about which [the agency] receive[s] evidence." 20 C.F.R. 404.1512(a). The Court is also aware that perfection is not required of the ALJ's decision. *See, e.g., Shideler v. Astrue*, 688 F.3d 306, 312 (7th Cir. 2012) (noting that "the ALJ's decision was not perfect" yet upholding that agency's decision denying benefits).

But the Court rejects the Commisioner's assertion that the ALJ's errors in failing to consider the VA's disability determination and the evidence of Quintana's hearing loss and tinnitus were "harmless." [*See, e.g., Def.'s Mem. Supp. Comm'r's Decision*, dkt. 20 at 7.] Even the Commissioner agrees that disability decisions by other governmental agencies "must be considered" by the ALJ. [*Id.*] Yet, the ALJ failed to even mention the VA's

5

disability determination. The Court acknowledges that a disability rating of 30% falls short of a determination that Quintana is disabled and unable to work. Nonetheless, under S.S.R. 06–03p and controlling case law, the ALJ was required to consider that disability determination as well as the effect that Quintana's hearing loss and tinnitus had on his residual functional capacity and ability to work. It may be that the ALJ will determine that Quintana's hearing loss and tinnitus had no effect on his ability to perform his past relevant work as a labor relations consultant (testing indicated that his "[w]ord recognition scores were excellent bilaterally" [R. 1203]); but that remains to be decided on remand.

The ALJ also erred in determining that Quintana could return to his past relevant work as a school bus driver. (That finding conflicted with the VE's testimony.) But because the ALJ also found that Quintana could return to his work as a labor relations consultant, that error appears to have been harmless.

## Conclusion

For the foregoing reasons, the undersigned recommends that the decision to deny benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this report and recommendation.

## Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R.

Civ. P. 72(b)(2). The district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Failure to file an objection may result in forfeiture of the right to *de novo* determination by the district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011).

**The parties should not expect extensions of time to file either objections or responses. No replies will be permitted.**

ENTERED THIS DATE: 01/26/2016

*Denise K. LaRue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic distribution to counsel of record